50 F.3d 1096
 311 U.S.App.D.C. 144
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
IOWANS FOR WOI-TV, INC., et al., Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 94-1014.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 24, 1995.
 
 Before: EDWARDS, Chief Judge, HENDERSON and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from an order of the Federal Communications Commission ("FCC"), and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellants Iowans for WOI-TV and Neil Harl conceded at oral argument that the sole issue in this case is the propriety of the FCC's waiver of its duopoly rule, 47 C.F.R. Sec. 73.3555(b) (1993), to facilitate the assignment of WOI-TV's broadcast license from Iowa State University to intervenor Capital Communications Co., Inc. However, appellants lack standing to contest this waiver because they are not within the zone of interest protected by the duopoly rule. See Air Courier Conference of America v. American Postal Workers Union, 498 U.S. 517, 523-24 (1991) (stating that plaintiff, to have standing, must "establish that the injury he complains of ... falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint") (internal quotations omitted). The intended beneficiaries of the duopoly rule are those listeners and viewers who would receive overlapping signals from commonly controlled broadcasters but for the rule's operation. See Llerandi v. FCC, 863 F.2d 79, 85 (D.C.Cir.1988) (stating that duopoly rule serves to assure "that media outlets in the same market do not fall into a small number of closely related hands"). Accordingly, where the FCC waives the duopoly rule, only those viewers who receive such overlapping signals have suffered the injury that the rule was designed to prevent.
 
 
 3
 In this case, appellants at oral argument conceded that nothing in the record indicates that any members of Iowans for WOI-TV reside within the minor overlap area created by the FCC's waiver. Instead, the record and pleadings in this case reflect that the organization's members live and work in Ames, Iowa, which receives signals from one, but not both, commonly controlled stations at issue. See, e.g., Brief for Appellants at 5. Thus, the record demonstrates that appellants' injury is not cognizable under the duopoly rule. Indeed, at bottom, appellants' injury stems not from the FCC's waiver of its duopoly rule but from Iowa State University's decision to sell WOI-TV--a decision appellants already have challenged unsuccessfully in the Iowa state court system. See Iowans for WOI-TV v. Iowa State Bd. of Regents, 508 N.W.2d 679 (Iowa 1993).
 
 
 4
 Finally, we note that, four days after oral argument in this case, appellants submitted an affidavit by Harl stating that one member of Iowans for WOI-TV resides within the overlap area created by the FCC's waiver, and two members receive signals from both commonly controlled stations, although they reside outside the overlap. This affidavit in no way alters our conclusion. Even if this extremely untimely affidavit were sufficient to establish appellants' standing, judicial review of their claims still is precluded by 47 U.S.C. Sec. 405(a) (1988), because appellants failed to raise their specific objection in a petition for reconsideration before the FCC. In any event, even were we to reach the merits, we conclude that the FCC reasonably waived the duopoly rule in this case. Accordingly, it is
 
 
 5
 ORDERED and ADJUDGED that the order of the FCC is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.